**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-00224-REB

REGINA M. ANDERSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#4] filed February 2, 2010, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of fibromyalgia, back pain, hypothyroidism, diabetes, high blood pressure, and anxiety. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 30, 2008. At the time of the hearing, plaintiff was 54 years old. She has two years of college education and past relevant work experience as a certified nurses aide, medical records clerk, and receptionist. She has not engaged in substantial gainful activity since August 20, 2006, her alleged date of onset.

    The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from

severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform light work with physical and mental limitations, and thus was capable of performing her past relevant work as a receptionist and medical records clerk. Alternatively, the ALJ determined that there were other jobs existing in significant numbers in the national and local economies that plaintiff could perform given her residual functional capacity. He therefore found plaintiff not disabled at both step four and step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v.*

***Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff's arguments on appeal focus primarily on the ALJ's determination of her residual functional capacity.  This argument comprises several divergent themes, most of which are woefully underdeveloped.  Nevertheless, I agree that the ALJ did not articulate an adequate basis for his determination in this regard.  Moreover, because I find that new medical evidence plaintiff submitted to the Appeals Council after the ALJ's decision may have changed the disability determination insofar as it involves plaintiff's physical residual capacity, I remand.[1]

I note first that the basis for the ALJ's determination of plaintiff's physical residual functional capacity is rather difficult to discern from his opinion.  The ALJ noted that plaintiff's treating physician, Dr. Robert Spees, completed a Medical Assessment of Ability to Perform Work Related Activities on plaintiff's behalf.  (***See*** Tr. 365-369.)  Although construing the form as including "somewhat inconsistent [] responses," the ALJ concluded that Dr. Spees's opinion "was essentially in agreement with the balance of the medical evidence which demonstrated ability to perform light work."  (Tr. 21.)  This conclusion was not further elucidated, and it is difficult to square with the evidence.[2]  The form in question does offer some inconsistent responses, for instance, suggesting that plaintiff can sit for up to four hours, stand for up to

---

[1] I find no infirmity in the ALJ's determination of plaintiff's mental residual functional capacity and do not remand for redetermination of that finding.

[2] The ALJ's global citation to Dr. Spees's treatment notes (***see*** Tr. 21) does not bolster his conclusions regarding the validity of this treating source opinion.

three hours, and walk for up to two hours in an eight hour day (Tr. 366), while simultaneously opining that it is "impossible" for plaintiff to work an eight-hour day (Tr. 369), a conclusion that is incompatible with any work, let alone light work. Given the primacy of treating source opinions in the disability determination, 20 C.F.R. § 404.1527(d)(2); **Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003),[3] to the extent this opinion was unclear, it was incumbent on the ALJ to recontact Dr. Spees for further clarification, *see* 20 C.F.R. § 404.1512(e); **Social Security Ruling** 96-5p, 1996 WL 374183 at *6 (SSA July 2, 1996).

It also is not at all clear what relative weights the ALJ assigned to this or the other medical opinions of record. After considering the records of plaintiff's chiropractor, and noting that he was not an acceptable medical source and therefore that his opinion was not entitled to any particular weight, *see* **Frantz v. Astrue**, 509 F.3d 1299, 1301 (10th Cir. 2007),[4] the ALJ went on to state that "[g]reater weight is accorded to the state agency assessments. Those opinions are based on clinical findings and reasoned bases are provided for the conclusions." (Tr. 22.) That determination, however, is not further explained, nor even supported by citation to the relevant records. **Hardman v. Barnhart**, 362 F.3d 676, 679 (10th Cir. 2004) (conclusion in the guise of findings does not constitute substantial evidence). Moreover, the single page that comprises the reviewing physician's opinion concludes that "[p]hysical is non-severe" (Tr. 240),

---

[3] The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." **Social Security Ruling** 96-2p, 1996 WL 374188 at *4 (SSA July 2, 1996). *See also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). In either event, a treating source opinion may not be rejected absent good cause for specific, legitimate reasons clearly articulated in the hearing decision. **Watkins**, 350 F.3d at 1301; **Goatcher v. United States Department of Health & Human Services**, 52 F.3d 288, 290 (10th Cir. 1995); **Frey v. Bowen**, 816 F.2d 508, 513 (10th Cir. 1987),

[4] Nevertheless, the Commissioner has recognized that opinions of medical sources who are not acceptable medical sources "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." **Social Security Ruling** 06-03p, 2006 WL 2329939 at *3 (SSA Aug. 9, 2006).

a conclusion clearly at odds with the substantial manipulative, postural, and environmental limitations the ALJ imposed in determining plaintiff's residual functional capacity.[5]

As best as this court can discern, it ultimately appears the ALJ relied on the lack of objective medical findings in determining that plaintiff retained the residual functional capacity for light work. His citation to some of Dr. Spees's records suggest as much (Tr. 21 (noting minimal findings from spinal MRI)), as does his examination of the consultative examiner's opinion (Tr. 21, 235),[6] and his allusion to the reviewing physician's opinion (Tr. 240). Given that apparent basis for the opinion, the post-hearing evidence plaintiff submitted to the Appeals Council, which suggests that plaintiff suffers from fibromyalgia, takes on particular significance.

In general, evidence that was not before the ALJ need not be considered unless it is new, material, and relates to the period on or before the ALJ's decision. *See* 20 C.F.R. 404.970(b); **Chambers v. Barnhart**, 389 F.3d 1139, 1142 (10th Cir. 2004). Here, although plaintiff's new evidence post-dates after the ALJ's decision (Tr. 6-9; Plf. Motion at 24-27), it nevertheless includes a diagnosis made within four months of the ALJ's decision. Although a retrospective diagnosis itself is insufficient to establish disability, absent additional evidence of actual disability during the relevant time frame, *see* **Flint v. Sullivan**, 951 F.2d 264, 267 (10th Cir. 1991); **Potter v. Secretary of Health & Human Services**, 905 F.2d 1346, 1348-49 (10th

---

[5] The reviewing physician also relied on plaintiff's activities of daily living (Tr. 240), which likewise were recounted by the ALJ (Tr. 20-21), serving as a basis for his conclusion that she was not disabled (Tr. 22). The ALJ's recitation of this evidence appears skewed, however. Although plaintiff reported that she could do some housework, prepare meals, shop, and care for herself, she claimed that her abilities in this regard were appreciably limited by pain. For instance, she was able to do chores for just a few minutes at a time, requiring up to an hour of rest afterwards. (Tr. 112, 114.) She further reported days on which she was not able to do anything due to pain and other symptoms. (Tr. 115.) Her reported ability to care for her personal needs also was more affected than the ALJ's opinion makes manifest. (*See* Tr. 113 (reporting significant difficulties with bathing and grooming due to pain).) Without deciding whether this circumstance would be sufficient in itself to warrant remand, because I am remanding the case in any event, the ALJ has the opportunity to rectify this oversight as well.

[6] The consultative examiner noted that plaintiff's "physical examination is essentially normal" and found that "[n]o objective findings were elicited that would substantially corroborate or refute the client's complaints of functional limitation." (Tr. 235.)

Cir. 1990), in this case, the evidence potentially gives context to the paucity of the objective medical findings, as well as plaintiff's credibility.  **See Minor v. Astrue**, 2010 WL 3294411 at *4 (D. Md. Aug. 20, 2010).  I therefore find that there is a reasonable possibility that this evidence might alter the ALJ's disability determination.[7]  **See Chambers**, 389 F.3d at 1144 (evidence is material if there is a "reasonable possibility that [it] would have changed the outcome") (citation and internal quotation marks omitted; alteration supplied).

Accordingly, remand is warranted, both to allow consideration of this evidence and for the ALJ to more clearly articulate his findings and offer more transparent support for his conclusions.  Although plaintiff requests a directed award of benefits, I do not find that this case presents an appropriate occasion for the exercise of my discretion in that regard.  **See Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).[8]

**THEREFORE, IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2.  That this case is **REMANDED** to the ALJ, who is directed to

   a.  Reevaluate plaintiff's physical residual functional capacity at step four of the sequential evaluation process, considering the new evidence submitted by plaintiff to the Appeals Council and to this court and articulating fully his findings

---

[7] "There are no laboratory tests for the presence or severity of fibromyalgia.  The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple tender spots[.]"  **Gilbert v. Astrue**, 2007 WL 1068104 at *4 (10th Cir. April 11, 2007) (quoting **Sarchet v. Chater**, 78 F.3d 305, 306 (7th Cir. 1996)). Minimal objective medical findings thus are typical in fibromyalgia cases.

[8] I do not intimate by this ruling that plaintiff is or should be found disabled.  **See Vance v. Commissioner of Social Security**, 260 Fed. Appx. 801, 806 (6th Cir. 2008) (noting that fibromyalgia is not presumptively disabling).

     in this regard;

  b. Recontact any treating, consultative, or reviewing source for further clarification of his or her findings, seek the testimony of medical experts, order subsequent consultative examinations, or otherwise further develop the record as he deems necessary;

  c. If necessary, redetermine at step five of the sequential evaluation process whether there are other jobs existing in significant numbers in the local and national economies that plaintiff can perform within her mental and physical residual functional capacity; and

  d. Reassess the disability determination; and

 3. That plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

 Dated January 7, 2011, at Denver, Colorado.

          **BY THE COURT:**

          _Bob Blackburn_
          Robert E. Blackburn
          United States District Judge